IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DANIEL ROY CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. 5:24-CV-112-RWS |

## ORDER

Before the Court are Plaintiff Daniel Roy Crawford's objections (Docket No. 19) to the Magistrate Judge's Report and Recommendation (Docket No. 18) ("R&R"). Plaintiff filed this civil action pursuant to the Social Security Act ("the Act") § 405(g) seeking judicial review of the Commissioner's denial of Plaintiff's application for social security benefits. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

## BACKGROUND

On September 1, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning March 4, 2021. Docket No. 8 ("Tr.")[1] at 14, 53, 152, 193. The claim was denied initially on July 26, 2022, and, upon reconsideration, was denied again on June 7, 2023. Tr. 14, 53–69. Plaintiff then filed a written

---

[1] Defendant Commissioner of Social Security filed a certified electronic copy of the administrative transcript as the answer to Plaintiff's complaint. Docket No. 8; *see* Docket No. 8-1 (certification); Docket No. 8-2 (transcript index) Docket No. 8-3 (transcript pages 1–52); Docket No. 8-4 (transcript pages 53–69); Docket No. 8-5 (transcript pages 70–151); Docket No. 8-6 (transcript pages 152–181); Docket No. 8-7 (transcript pages 182–255); Docket No. 8-8 (transcript pages 256–895); Docket No. 8-9 (transcript pages 896–942). The Court hereby refers to all of Docket No. 8 and its exhibits as "Tr." while using the pagination of the transcript.

request for hearing received on June 12, 2023. Tr. 1. A telephone hearing that included an impartial vocational expert was held on March 11, 2024. Tr. 29–52.

On April 29, 2024, the Administrative Law Judge ("ALJ") issued a decision, finding Plaintiff not disabled. Tr. 14–24. Applying the five-step sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity from the date of alleged onset, March 4, 2021, through his date last insured, March 31, 2023. Tr. 16. At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of lumbar spine and hypertension. Tr. 16–18. The ALJ then determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I. Tr. 18.

After considering the record, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a limited range of medium work. Tr. 18–22. The ALJ noted Plaintiff was unable to engage in frequent climbing of ramps and stairs; occasional climbing of ladders, ropes or scaffolding; or frequent kneel, crouch and crawl. Tr. 18. The ALJ determined, however, that Plaintiff was capable of performing his past relevant work as a carpenter (medium). Tr. 22. In the alternative, considering Plaintiff's age, education, work experience, RFC, and the vocational expert testimony, the ALJ found Plaintiff would have been capable of performing other jobs (janitor, dishwasher, and table busser) that existed in significant numbers in the national economy. Tr. 23. The ALJ concluded that the plaintiff was not under a disability, as defined in the Act, at any time from March 4, 2021, through March 31, 2023. Tr. 23.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of the Court's review pursuant to 42 U.S.C. § 405(g).

On August 15, 2025, Magistrate Judge Baxter entered a Report and Recommendation. Docket No. 18. After setting out the ALJ's findings and the applicable law, the Magistrate Judge considered Plaintiff's three issues, finding them without merit.

## LEGAL STANDARD

### I. Review of the Magistrate Judge's Report and Recommendation

The Court must conduct a *de novo* review of all portions of the Magistrate Judge's report and recommendation that a party has properly objected to. *See* 28 U.S.C. § 636(b)(1)(C) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As to any portion for which no objection is filed, the Court reviews for clearly erroneous factual findings and conclusions of law. *Poe v. Bock*, No. EP-17-CV-00232-DCG, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); also citing *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006) ("A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole.")).

### II. Review of the Commissioner's Decision

"Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied." *L. v. Kijakazi*, No. 4:21-CV-02407, 2022 WL 4543200, at *2 (S.D. Tex. Sept. 28, 2022) (citations omitted). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)) (citations omitted). It is "more than a scintilla but less than a

preponderance." *Kijakazi*, 2022 WL 4543200, at *2 (quoting *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quotations omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek*, 587 at 103.

Courts weigh four elements of proof to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Kijakazi*, 2022 WL 4543200, at *2 (quoting *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995))).

"A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision." *Id.* (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). Even so, the "substantial evidence" standard is "not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings." *Id.* (citing *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985)). A reviewing court must still "scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings." *Id.* (citing *Singletary*, 798 F.2d at 823). "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Id.* (quoting *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009)).

### III.  Social Security Evaluation Process

In evaluating a disability claim, the ALJ conducts a five-step sequential analysis to determine whether: "(1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and

(5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–448 (5th Cir. 2007). The plaintiff bears the burden of proof in establishing he has a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ and the Social Security Administration to show that there is other substantial work in the national economy that the plaintiff is capable of performing. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F. 3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1); *see Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018).

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, which is defined as the most the claimant can still do despite his or her physical and mental limitations based on all relevant evidence in the claimant's record. *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation and quotation marks omitted).

The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). The ALJ "is responsible for assessing the medical evidence and determining the claimant's residual functional capacity." *Boller v. Comm'r, SSA*, No. 4:21-CV-01001-SDJ-CAN, 2022 WL 18586837, at *8 (E.D. Tex. Dec. 12, 2022), *report and recommendation adopted*, 2023 WL 1765909 (E.D. Tex. Feb. 3, 2023) (quoting *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985)). "The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the

disabling effect of each of the claimant's ailments and the combined effects of all of these impairments." *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (internal citations and quotation marks omitted). To be clear, however, while ALJs must consider the combined effect of both severe and non-severe limitations, "the ALJ does not have to include those limitations in the RFC if there is insufficient evidence that they produce limiting effects." *Boller v. Comm'r, SSA*, No. 4:21-CV-01001-SDJ-CAN, 2022 WL 18586837, at *8 (E.D. Tex. Dec. 12, 2022), *R&R adopted*, 2023 WL 1765909 (E.D. Tex. Feb. 3, 2023) (quoting *Sistrunk v. Kijakazi*, No. 3:21-CV-413, 2022 WL 3045315, at *2 (S.D. Miss. Aug. 2, 2022); citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (explaining that the ALJ is not required to incorporate limitations in the RFC the ALJ finds unsupported by the record)).

## ANALYSIS

### I. Report of the Magistrate Judge

In his opening brief, Plaintiff raised three issues for review: (1) the ALJ improperly assessed Plaintiff's subjective complaints; (2) the ALJ's RFC assessment is not supported by substantial evidence; and (3) the ALJ's step four determination is not supported by substantial evidence. Docket No. 12. In the R&R, the Magistrate Judge first determined substantial evidence supports the ALJ's subjective symptom evaluation. Docket No. 18 at 4–6. He then determined substantial evidence supports the ALJ's RFC assessment. *Id.* at 6–7. Finally, he determined the ALJ's step four decision is supported by substantial evidence. *Id.* at 8–9.

### II. Plaintiff's Objections

Plaintiff raises three objections to the findings and conclusions in the R&R: (1) Plaintiff's work history should not be so quickly dismissed; (2) Plaintiff's reported interests are not daily activities; and (3) the Grids direct a finding of disability. The first two objections relate to the Magistrate Judge's discussion of the ALJ's evaluation of Plaintiff's subjective complaints. As

explained below, those objections are without merit. Additionally, because substantial evidence supports the ALJ's RFC assessment, Plaintiff's third objection is moot.

> **A.  Substantial evidence and relevant legal standards support the ALJ's evaluation of Plaintiff's subjective complaints and credibility**

In his opening brief, Plaintiff argued the ALJ improperly assessed his subjective complaints by summarily dismissing his allegations and failing to adequately consider his work history and other relevant factors. Docket No. 12 at 4–7.

In assessing Plaintiff's RFC, the ALJ stated as follows:

> Mr. Crawford alleges disability secondary to pain to his hands, back, neck, shoulders, elbows, and knees and depression (Exhibit B3E). On his Function Report, the claimant reported that it was hard to stand, walk, sit, or bend for any length of time. Putting on socks and shoes were difficult, and his wife washed the body parts he could not reach. Pain interrupted sleep, and his medications caused constipation. His wife assisted him with household chores, but he did not shop. He drove only short distances.
>
> At the hearing, the claimant testified he resided with his wife and four-year-old granddaughter. However, he did not provide much care for her. The claimant asserted that he could drive, but he had no health insurance since 2013. His work history primarily consisted of work in carpentry, and he did self-employment work as a contractor. He ran a company with his brother, and he mainly stood around and watched. The previous week he worked only five hours. The claimant had trouble standing for longer than 20 to 30 minutes, and he had to lie down in a reclined position. Pain made it hard for him to bend over, and he tripped often. His problems started when he broke his back at age 15. Pain in his lower back radiated down his left leg. The claimant testified that he used a heating pad or ice packs in bed. His hands went numb, and he had trouble holding things. The claimant testified that he last used his four-wheeler last summer, and he did not ride alone. It was eight months since he last played his drums, and he had it for sale. On bad days, his wife washed his back and put on socks and shoes. The claimant asserted that he never underwent back surgery because a doctor told him that he had too much scar tissue, and the back of a 90-year-old man.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Tr. 19. The ALJ then discussed the medical evidence of record. *Id.* at 20–22.

According to the Magistrate Judge, the ALJ discussed the medical evidence and testimony in accordance with relevant regulations and rulings, and the ALJ properly determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence. Docket No. 18 at 4 (citing Tr. 16–21). The Magistrate Judge pointed out the ALJ noted conservative methods of treatment, including medications, were helpful and did not cause any adverse side effects. *Id.* He further noted the ALJ's consideration of Plaintiff's daily activities, mentioning Plaintiff's prior reports that he played the drums, rode his motorcycle, rode his four-wheeler, and worked part-time as a contractor. *Id.* at 5; *see also* Tr. 19, 21. According to the Magistrate Judge, these activities, which included self-employment, contradict claims of significant functional impairment. Docket No. 18 at 5.

The Magistrate Judge stated the ALJ explicitly referenced Plaintiff's "work history" as a carpenter and contractor; however, even if the ALJ's discussion of Plaintiff's lengthy work history was not exhaustive, the Fifth Circuit does not require an ALJ "to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility." *Id.* (citing *Giles*, 433 F. App'x at 249 n.30). According to the Magistrate Judge, the ALJ, having observed Plaintiff firsthand at the hearing, is in the best position to assess subjective symptoms and credibility, and substantial evidence supports the ALJ's subjective symptom evaluation. *Id.* at 5–6.

> 1. **The ALJ properly evaluated Plaintiff's work history in assessing his credibility.**

In his objections, Plaintiff first argues the ALJ erred by not giving Plaintiff's thirty-year work history more weight in considering whether Plaintiff's subjective complaints are credible.

Docket No. 19 at 1. Although the Magistrate Judge stated Plaintiff's "work history" was considered because it was referenced in the ALJ's opinion twice, Plaintiff asserts "[w]riting the word 'work history' and giving weight to that history are two separate things." *Id*. According to Plaintiff, "[i]t is the responsibility" of the ALJ "to provide some weight to the fact that this individual has worked his entire life. *Id*.

Social Security Ruling ("SSR") 96-8P identifies "[e]vidence from attempts to work" as a factor to consider in determining a claimant's RFC, and the regulations provide that the ALJ "will consider all of the evidence presented, including information about your prior work record." *Jones v. Comm'r of Soc. Sec.*, No. 7:23-CV-00102-O-BP, 2024 WL 4756324, at *6 (N.D. Tex. Oct. 25, 2024), *report and recommendation adopted*, 2024 WL 4758822 (N.D. Tex. Nov. 12, 2024) (citing SSR 96-8P, 1996 WL 374184, at *5 (S.S.A. Jul. 2, 1996); 20 C.F.R. § 404.1529(c)(3)). Three out-of-circuit decisions note that evidence of a strong work history bolsters a claimant's credibility. *Id*. (citing *Taybron v. Harris*, 667 F.2d 412, n.6 (3d Cir. 1981); *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983); and *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).

However, in the Fifth Circuit, a claimant is not automatically entitled to credibility based on a lengthy work history—such a rule "has not been incorporated into Fifth Circuit precedent." *Id.* (citing *Sanchez v. Berryhill*, No. CV M-16-030, 2017 WL 2117526, at *9 (S.D. Tex. Mar. 31, 2017), *report and recommendation adopted*, No. 7:16-CV-30, 2017 WL 2080239 (S.D. Tex. May 15, 2017); *McGee v. Astrue*, No. 2:10-CV-1826, 2012 WL 7456174, at *8 (W.D. La. Nov. 26, 2012), *report and recommendation adopted*, 2013 WL 704624 (W.D. La. Feb. 26, 2013) (ALJ did not err in failing to consider plaintiff's long work history when assessing credibility because "a claimant's work history is but one factor to consider when evaluating plaintiff's symptoms")).

Page **9** of **12**

Contrary to Plaintiff's assertion then, the ALJ was not required to give any special weight or consideration to Plaintiff's lengthy work history as evidence of his credibility.

Even so, as explained by the Magistrate Judge, the ALJ referenced Plaintiff's work history as a carpenter and self-employed contractor. Docket No. 18 at 5. Moreover, it is not reversible error when the ALJ fails to consider the claimant's work history to determine credibility as the Fifth Circuit has held that any such error would be harmless. *Jones*, 2024 WL 4756324, at *6 (citing *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003)).

"The ALJ is in the best position to make such determinations of credibility based on the full record of evidence and live testimony, and he need not explain every piece of evidence." *Id.* (quoting *Benton ex rel. Benton v. Astrue*, No. 3:12-CV-0874-D, 2012 WL 5451819, at *7 (N.D. Tex. Nov. 8, 2012) (citing *Falco*, 27 F.3d at 163)). Here, the ALJ exercised his discretion to consider other factors (including Plaintiff's range of daily activities discussed below) besides Plaintiff's work history to determine whether Plaintiff was disabled. *Id.* The ALJ did not commit reversible error by failing to more specifically discuss or give weight to Plaintiff's work history in his findings. *Id.*

    **2.**    **The ALJ properly considered Plaintiff's daily activities.**

In his objections, Plaintiff next argues he did not report "riding a motorcycle, riding a four-wheeler, playing the drums, and working part-time as a remodeling contractor" to be his daily activities, and his actual daily activities are very limited. Docket No. 19 at 2. According to Plaintiff, during a "Person Centered Recovery Plan" with Community Health Core in Clarksville, Texas, Plaintiff reported these to be his interests: "Per Daniel – 'I like to ride my motorcycle' 'I like to ride my four wheeler' 'I love to play my drums.'" *Id.* (citing Tr. 461). Plaintiff argues he used the

hope of taking a future trip on his motorcycle throughout his treatment as motivation to help with his depression. *Id.* (citing Tr. 615).

During the hearing, Plaintiff testified he rode his motorcycle for about ten miles the summer before the hearing and that on good days he still tries to ride his 4-wheeler "really, really slow." Tr. 46 (further testifying he had not played drums in seven or eight months and that he had the drum set for sale). The ALJ did not err in his recitation of Plaintiff's testimony. Plaintiff has failed to identify an error in the ALJ's discussion of Plaintiff's daily activities in evaluating Plaintiff's subjective complaints and credibility.

> **B.     Substantial evidence and relevant legal standards support the ALJ's RFC decision, rendering Plaintiff's final objection moot**

In his third objection, Plaintiff argues the ALJ's erroneous assessment of Plaintiff's subjective complaint directly impacted the ALJ's RFC assessment. Docket No. 19 at 2. Plaintiff objects to the RFC assessment, asserting "it defies logic that he can perform anything more than sedentary or light work." *Id.* at 2–3. According to Plaintiff, a lesser RFC assessment would direct a finding of disability under the Grids at step five.[2] *Id.*

However, substantial evidence supports the ALJ's finding that Plaintiff had the RFC for a limited range of medium work. As Magistrate Judge recognized, the ALJ properly based Plaintiff's

---

[2] A claimant is classified in one of three age categories: (1) a younger person (18–49), (2) a person closely approaching advanced age (50–54), or (3) a person of advanced age (55 or older). *Bidwell v. Comm'r, SSA*, No. 4:20-CV-00860-ALM-CAN, 2022 WL 4594191, at *6 (E.D. Tex. Aug. 31, 2022), *report and recommendation adopted*, 2022 WL 4593081 (E.D. Tex. Sept. 29, 2022) (citing 20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e)). The Grid Rules recognize that when a claimant is considered to be of "advanced age," he has reached the point at which "age significantly affects a person's ability to do substantial gainful activity." *Rudis v. U.S. Comm'r, Soc. Sec. Admin.*, No. 6:20-CV-00013, 2020 WL 7974323, at *4 (W.D. La. Dec. 9, 2020), *report and recommendation adopted sub nom.*, 2021 WL 45397 (W.D. La. Jan. 5, 2021) (citation omitted). "There is no provision in either the Social Security Act or the regulations for an ALJ to rebut a conclusion of disabled in the grids by the use of vocational expert testimony." *Id.* (citation omitted).

RFC on relevant evidence, including medical signs and recorded observations. Docket No. 18 at 6 (citing Tr. 19–21). The ALJ noted that Plaintiff sought relatively conservative treatment and that his treatment records did not show objective findings of muscle wasting, joint deformity, or instability. *Id.* (citing Tr. 21; *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (the mere presence of an impairment is not disabling per se)). The Magistrate Judge further noted that the ALJ found persuasive the opinions of two State agency physicians who opined Plaintiff could perform medium work activity. *Id.* (citing Tr. 22, 58–59, 67–68). Because substantial evidence supports the ALJ's RFC assessment, Plaintiff's third objection—that the Grid Rules would require a finding of disability at step five if the RFC were more restrictive—is moot.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 19) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 18) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Commissioner's decision in the above-captioned civil action is **AFFIRMED**.

**So ORDERED and SIGNED this 30th day of September, 2025.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE